■ In the Matter of the Arbitration between COOKE PROPERTIES, INC., Appellant, and SAATCHI & SAATCHI NORTH AMERICA, INC., Respondent. [642 NYS2d 29] —Order, Supreme Court, New York County (Stanley Parness, J.), entered August 30, 1995, which denied petitioner landlord's application to stay arbitration of respondent tenant's claim challenging the correctness of the landlord's statement of operating expenses prepared for purposes of the rent escalation clause in the parties' lease and directed the parties to proceed to arbitration, unanimously affirmed, with costs.

The landlord's claim that the tenant's notice that it was disputing the statement of operating expenses failed to particularize the items being disputed, and thus, failed to give notice of what the tenant wanted to arbitrate, was properly rejected by the IAS Court on the ground that the lease required only that the tenant "notify Landlord that it disputes the correctness" of the operating expense statement. Nothing in the lease required the tenant to particularize its claims. Nor did the tenant's demand for access to the landlord's books and records relating to operating expenses indicate, as the landlord argues, that a dispute had not yet ripened and render the notice "internally contradictory". Given a right of such access under the lease, and the absence of any lease requirement that the tenant review the landlord's books before serving notice of a dispute, the tenant's demand should have been understood as indicating a desire for information in the landlord's possession that might additionally serve to substantiate its claims. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.